[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE
This is a personal injury action arising out of a workplace injury to the plaintiff Raymond Pocevic. Suit was commenced against the defendant, Connecticut Distributors, Inc. (CDI), which employed the plaintiff at the time of his injury. Edosio Vaquero, a coworker at CDI who allegedly operated the forklift from which the plaintiff fell, is also a named defendant. Through this motion the defendants request this court to strike paragraphs 5(a)-(c) of Count One (negligence); Count two (reckless and wanton misconduct); Count Three (intentional tort); Count Five (reckless supervision); Count seven (reckless and wanton misconduct); Count eight (intentional tort); and the punitive damage claim of the plaintiff's Third Amended Complaint.
In support of their motion to strike the intentional tort claims of the plaintiff, the defendants rely on Suarez v. Dickmont Plastics,242 Conn. 255, 698 A.2d 838 (1997), which articulates the standard of proof necessary to support an exception to the Worker's Compensation exclusivity provision for intentional torts. The Worker's Compensation Act "provides the sole remedy for employees and their dependents for work-related injuries and death.(fn2) . . . [B]oth the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery. . . . The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of the workers' compensation liability to its employees. . . ." (Citation omitted; internal quotation marks omitted.) Green v. General Dynamics Corporation, 245 Conn. 66,71-72, 712 A.2d 938 (1998).
It is unclear to this court how the plaintiffs negligence and wanton and reckless misconduct claims survive the exclusivity provision of the Act; neither party addresses this issue in the submitted memorandums. Accordingly, this court takes no action on the Motion to Strike at this CT Page 11530 time. The parties are ordered to submit additional briefs on this point, with bench copies provided to this court. The Motion to Strike should then be reclaimed for oral argument.
By the Court,
Judge Carol Wolven CT Page 11531